IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KAREN L. CHAGNON,

    Plaintiff,

v.                                          CASE NO. 1:18-cv-6-MW-GRJ

DR. FREEMAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on January 9, 2018, by filing a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). (ECF No. 1.) The complaint arises from allegedly inadequate medical and psychiatric care her late husband, Joseph R. Changnon, received at the Malcom Randall VA Hospital ("VA") in Gainesville, Florida, which Plaintiff alleges ultimately led to the death of her husband.

The Court granted Plaintiff leave to proceed as a pauper on January 12, 2018, and thereafter screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 4.) Upon screening, the Court identified numerous deficiencies in Plaintiff's complaint and directed her to file an

amended complaint by February 2, 2018. The Court warned Plaintiff that failure to comply would result in a recommendation to the district judge that the case be dismissed without further notice for failure to comply with a Court order and failure to prosecute.

As of the date of this report and recommendation, however, Plaintiff has failed to comply. A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.* 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to file an amended complaint and despite the clear warning that failure to comply would result in a recommendation that her case be dismissed without further notice, Plaintiff has failed to comply. The Court therefore finds that dismissal of this case is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS**, this 13th day of February, 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**